## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NYLA TEHRI JOHNSON-MARTIN : <br> 2991 W. School House Lane, Apt. LW 34 : <br> Philadelphia, PA 19144 : <br> : <br>        Plaintiff, : <br> v. : <br> : <br> AMAZON.COM SERVICES, LLC : <br> 410 Terry Ave. North : <br> Seattle, Washington 98109 : <br> : <br>      and : <br> : <br> AMAZON.COM, INC. d/b/a : <br> AMAZON.COM : <br> 410 Terry Ave. North : <br> Seattle, Washington 98109 : <br> : <br>       Defendants. : <br> : | CIVIL ACTION <br><br> No.: <br><br> **JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Nyla Tehri Johnson-Martin (*hereinafter* referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.    Plaintiff has initiated this action to redress violations by Amazon.com Services, LLC and Amazon.com, Inc. (*hereinafter* referred to as "Defendants") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*), Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 USC 2000e, et. seq.), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO").[1]  Plaintiff was unlawfully

---

[1] Plaintiff will seek to amend her Complaint to add PHRA and PFPO claims once those claims are administratively exhausted.  These claims will mirror her existing ADA and Title VII claims.

suspended and terminated by Defendants, and she suffered damages more fully described/sought herein.

## JURISDICTION AND VENUE

2.      Plaintiff resides in and is a citizen of Pennsylvania.

3.      Upon information and belief, Defendants are incorporated under the laws of Delaware with headquarters and/or principal place of business in Washington, rendering them citizens of Delaware and Washington.

4.      This Court, in accordance with 28 U.S.C. 1332, has jurisdiction over Plaintiff's claims because there is complete diversity jurisdiction, as Plaintiff is a citizen of Pennsylvania, Defendants are citizens of Delaware and Seattle and the amount in controversy exceeds $75,000.

5.      This action is also being initiated pursuant to federal laws (ADA and Title VII) and therefore, the United States District Court for the Eastern District of Pennsylvania also has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.  This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

6.      This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

7.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants reside in and/or conduct business in this judicial district and because a

substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

8.      Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC").  Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing and dual-filing her Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

9.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10.     Plaintiff is an adult individual residing at the address set forth in the above-caption.

11.     Defendant Amazon.com Services, LLC ("Amazon, LLC") is an online retailer that offers a wide range of products, with headquarters located at the above-captioned address and multiple distribution/fulfillment centers in several states throughout the United States (including in Pennsylvania, where Plaintiff worked).

12.     Defendant Amazon.com, Inc. ("Amazon, Inc.") is a multinational technology company that focuses on e-commerce, cloud computing, digital streaming, artificial intelligence implementation, and facilities management services, with headquarters located at the above-captioned address, multiple distribution/fulfillment centers in several states throughout the United States (including Pennsylvania, where Plaintiff worked).

13.     Because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors

Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they made be treated as a single and/or joint employer for purposes of the instant action.

14.     Both Defendants controlled the terms and conditions of Plaintiff's employment. For example:

> a.  Defendant Amazon LLC paid Plaintiff and appears on her pay stubs and W-2s and thus controlled the terms and conditions of Plaintiff's compensation and benefits;
>
> b.  Defendant Amazon Inc. controlled Plaintiff's day-to-day work, through policies and supervision;
>
> c.  Both Defendants had authority to hire and fire Plaintiff;
>
> d.  Managers of both Defendants provided day-to-day supervision of Plaintiff;

15.     At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

16.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

17.     Plaintiff is a 34-year-old, college-educated female.

18.     Plaintiff has a Masters' Degree in Human Resources and Employee Relations.

19.     Plaintiff has worked in the human resources field for more than 10 years.

20.     Plaintiff was hired by Defendants in or about December 2021 as a full-time Regional Human Resources Business Partner.

21.     Plaintiff was qualified for the position, as she possesses the relevant skill, knowledge and education for the role.

22.     Plaintiff worked out of Defendants' distribution center at 4101 Sansom Street in Philadelphia, Pennsylvania.

23.     From in or about December 2021 to June 2022, Plaintiff worked remotely (from home), as instructed by Defendants.

24.     Plaintiff was able to perform all of her job duties remotely and did so successfully for more than six months.

25.     In or about June 2022, Plaintiff was informed that she was required to work on site and could no longer work remotely.  Plaintiff complied and began working in Defendants' Sansom Street location.

26.     Plaintiff was initially supervised by Cambria Knight-Lucas (Regional HR Manager).

27.     Plaintiff was also indirectly supervised by Vincent Phelps, Site Manager.

28.     While under Ms. Knight-Lucas' and Mr. Phelps' supervision, Plaintiff performed her job well and received positive feedback regarding her performance.

29.      Plaintiff suffers from several mental health conditions, including but not limited to anxiety disorder and panic disorder.

30.     These medical conditions interfere with Plaintiff's daily activities, including but not limited to, substantially interfering with her ability to think, concentrate, focus, work (at times) and perform daily chores.[2]

31.     Plaintiff has suffered from these medical conditions for at least the last three years, has obtained mental health treatment and been prescribed medication.

---

[2] This paragraph is not intended to set forth an exhaustive list of daily activities limited by Plaintiff's mental health conditions but merely to contain an illustrative list.

32.     Despite these medical conditions, Plaintiff was able to and did perform all of the essential functions of her job, with accommodations.

33.     In or about the summer of 2022, Plaintiff informed Ms. Knight-Lucas and Mr. Phelps about her mental health conditions.

34.     In or about early August 2022, Plaintiff attempted to quell a disturbance on the warehouse floor caused by warehouse employee Wilbert Jones.

35.     Plaintiff spoke to Mr. Jones in a calm manner to try to diffuse his apparent anger and hostility.

36.     During this interaction, Mr. Jones became extremely angry and upset and engaged in blatantly inappropriate and threatening behavior toward Plaintiff.

37.     For example, upon Plaintiff escorting Mr. Jones to a conference room to find out what was making him upset and to give him a drink of water, he yelled and cursed at Plaintiff stating, "I don't like women," which is "why I don't have a gun," and that he "should just get something sharp and handle her [his baby's mother]."  He then looked at Plaintiff and screamed, "I am tired of you women. You narcissistic ass women who don't want me. You don't want me fine; I don't want you either. The pleasure I would get from you is the same pleasure I can get from fucking my hand."  Mr. Jones then performed an up-and-down sexual stroking motion with his hand.

38.     Mr. Jones stood in front of the conference room door while yelling at Plaintiff, effectively trapping Plaintiff in the conference room for more than twenty (20) minutes.

39.     Plaintiff continued to stay calm and did not yell, curse or say anything inappropriate to Mr. Jones.

40.     However, Plaintiff felt extremely uncomfortable and feared for her own safety and that of her colleagues.

41.     As a result, Plaintiff contacted Defendants' security department to inform them about the situation.

42.     Plaintiff also called 911 and Mr. Jones was taken to the hospital for observation.

43.     This incident caused Plaintiff to suffer a panic attack and exacerbated her mental health conditions.

44.     As a result, on or about August 5, 2022, Plaintiff requested an approximate three-month medical leave of absence from Defendants.  Her request was granted.

45.     In or about November 2022, before she returned to work, Plaintiff requested a reasonable accommodation from Defendants, including permission to return to work on a partially remote basis (work from home a few days per week) and/or to have her schedule altered such that she could ease back into work upon her return.

46.     Defendants denied Plaintiff's request without having any discussions with her or engaging in any interactive process with her.

47.     Therefore, Plaintiff requested a short extension of her medical leave, until December 28, 2022.

48.     On or about December 28, 2022, Plaintiff returned to work.

49.     Upon her return, she was supervised by Anthony Gates (Regional Manager; male) and Michael Davis (Regional Director; male).

50.     In or about early January 2023, Plaintiff informed Mr. Gates and Mr. Davis about her mental health conditions and need for medical leave.

51.     She also requested accommodations from them, including being permitted to work partially remotely for the next few weeks, as working from home eased her mental health conditions.

52.     Defendants denied her request without engaging in any interactive dialogue with her about her requested accommodations.

53.     Plaintiff continued to work full-time in Defendants' Philadelphia location and performed her job well.

54.     Neither Gates nor Davis raised any performance concerns with Plaintiff during the first several weeks of their supervision of her.

55.     In or about mid-January 2023, Plaintiff witnessed a male warehouse employee threaten to shoot a pregnant, female employee.

56.     Plaintiff called the police to report the incident (so as to protect Defendants' employees).

57.     Despite that Plaintiff followed safety protocols and tried to protect the safety of all employees, she was reprimanded by Gates and Davis for contacting the police.

58.     In addition, Defendants made derogatory comments to Plaintiff regarding her gender, mental health conditions and need for accommodations, including but not limited to, telling her that she was "too sensitive" and "was always upset."

59.     On or about February 2, 2023, during a safety meeting at which Plaintiff was present, a male employee (Josh) became irate after being informed by his manager (Ta'Quisha) that all employees would be required to wear a safety vest while on duty.

60.     Josh repeatedly said he was not going to wear the vest and that they couldn't make him.

8

61.     He also stated that Defendants would just have to write him up because he wasn't going to wear a safety vest.

62.     In an attempt to address the issue, Plaintiff asked Josh to clock out so they could meet privately to discuss his concerns.

63.     Josh refused to clock out and started yelling and screaming at Plaintiff.

64.      Plaintiff again instructed him to clock out so they could meet to discuss the issue.

65.     Josh again refused and continued ranting and raving throughout the warehouse.

66.     Josh then got into Plaintiff's face while screaming and cursing at her.

67.     In response, Plaintiff asked him, "why are you yelling at me?"

68.     Plaintiff did not curse at, threaten or otherwise mistreat Josh (or any other employee).

69.     Plaintiff informed Gates, Davis and Phelps about this issue and explained to them that the threatening behavior of the employees was making her anxiety condition worse.

70.     She requested permission to leave early later that afternoon.

71.     On or about February 3, 2023, Gates contacted Plaintiff and instructed her to "work from home" the upcoming week for her own safety.

72.     Plaintiff complied and performed her work from home.

73.     A few days later, Gates contacted Plaintiff and informed her that she was being placed on unpaid suspension for the interaction she had with Josh.

74.     Plaintiff was confused and asked why she was being placed on suspension, but Gates did not provide her any explanation.

75.     In an effort to clear up any concerns, Plaintiff submitted a statement explaining the events of February 2, 2023 (during her interaction with Josh).

76.     Defendants did not speak to Plaintiff about her statement or about the details of her interaction with Josh.

77.     Instead, on or about February 24, 2023, Plaintiff was informed that she was being terminated.

78.     Gates informed Plaintiff that she was being terminated for violating Defendants' harassment policy.

79.     Plaintiff had not engaged in any conduct that violated Defendants' harassment policy or any other policy.

80.     Defendants did not terminate Josh for his threatening, insubordinate or inappropriate behavior.

81.     In fact, at the time of Plaintiff's termination, Josh continued to work for Defendants.

82.     Thus, Defendants terminated Plaintiff only a few weeks after she disclosed her mental health conditions to them and requested accommodations.

83.     Defendants also treated Plaintiff completely differently and less favorably than her male colleagues (including other male managers) in the manner in which they spoke to and interacted with Plaintiff.

84.     For example, Plaintiff did not witness Defendants make any negative comments to any male managers about whether they were "overly sensitive" or otherwise "emotional."

85.     In addition, Plaintiff is aware of many non-disabled, male employees (including supervisors and managers) who blatantly violated Defendants' code of conduct but were not terminated.

86.     Plaintiff believes and therefore avers that she was suspended and terminated because of (1) her known and/or perceived disabilities; (2) her record of impairment; (3) her

10

requested accommodations; and (4) her gender (sex).  Defendants also failed to accommodate Plaintiff's disabilities.

<strong>COUNT I</strong><br>
<strong><u>Violations of the Americans with Disabilities Act, as Amended ("ADA")</u></strong><br>
<strong>([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;</strong><br>
<strong>[3] Hostile Work Environment and [4] Failure to Accommodate)</strong>

87.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

88.     Plaintiff suffers from qualifying health conditions under the ADA which affect her ability (at times) to perform some daily life activities.

89.     Plaintiff kept Defendants' management informed of her serious health conditions throughout her tenure with Defendants.

90.     Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendants; however, Plaintiff did require reasonable medical accommodations, at times.

91.     Plaintiff requested reasonable accommodations from Defendants, including but not limited to time off to treat her medical conditions, medical leave and an adjusted schedule/permission to work partially remotely.

92.     Plaintiff was subjected to hostility and animosity due to her medical conditions and/or requests for accommodations through demeaning and/or discriminatory treatment towards her (as discussed *supra*).

93.     Plaintiff was uncomfortable and offended by this discriminatory treatment, as would any reasonable person.

94.     Plaintiff was suspended and terminated by Defendants shortly after disclosing her medical conditions and requesting reasonable medical accommodations.

11

95.     Plaintiff believes and therefore avers that (1) her known and/or perceived disabilities; (2) her record of impairment; and (3) her requested accommodations were a motivating and/or determinative factor in Defendants' decision to suspend and/or terminate her.

96.     Defendants also subjected Plaintiff to a hostile work environment and failed to accommodate Plaintiff's medical conditions or engage in any meaningful interactive process with Plaintiff to determine if she could be accommodated.

97.     These actions as aforesaid constitute violations of the ADA.

**COUNT II**
**Violations of Title VII of the Civil Rights Act of 1964**
**(Gender Discrimination: (1) hostile work environment and (2) wrongful termination)**

98.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

99.     Plaintiff is an adult female.

100.    Plaintiff was qualified to perform the essential functions of her job.

101.    Plaintiff was subjected to discriminatory and disparate treatment by Defendants because of her gender.

102.    Defendants' gender-related mistreatment of Plaintiff continued throughout at least the last six months of her employment and occurred with regularity, sometimes as much as several times per week.

103.    Plaintiff subjectively perceived the work environment to be hostile.

104.    Any reasonable person would objectively view the work environment to be hostile.

105.    Defendants are liable for the hostile work environment because management-level employees (with authority to control the terms and conditions of Plaintiff's employment) engaged in and created the hostile work environment.

12

106.    Plaintiff also suffered adverse employment actions when she was unlawfully suspended and then terminated by Defendants.

107.    Plaintiff's gender was a motivating and/or determinative factor in Defendants' decision to suspend and/or terminate her.

108.    The aforesaid conduct constitutes violations of Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.    Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.    Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.    Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E.    Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F.    Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:   _____

Ari R. Karpf, Esq.
Jeremy M. Cerutti, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated:  June 26, 2023

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Nyla Tehri Johnson-Martin                    CIVIL ACTION
                    v.
                                             NO.
Amazon.com Services, LLC, et al.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                           ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                              ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X )

| 6/26/2023 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___2991 W. School House Lane, Apt LW34, Philadelphia, PA 19144___

Address of Defendant: ___410 Terry Avenue North, Seattle, WA 98109___

Place of Accident, Incident or Transaction: ___Defendants place of business___

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __6/26/2023__  _____  ___ARK2484 / 91538___
                     *Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  *Federal Question Cases:*

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐  2.  FELA
☐  3.  Jones Act-Personal Injury
☐  4.  Antitrust
☐  5.  Patent
☐  6.  Labor-Management Relations
☒  7.  Civil Rights
☐  8.  Habeas Corpus
☐  9.  Securities Act(s) Cases
☐  10. Social Security Review Cases
☐  11. All other Federal Question Cases
        *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*

☐  1.  Insurance Contract and Other Contracts
☐  2.  Airplane Personal Injury
☐  3.  Assault, Defamation
☐  4.  Marine Personal Injury
☐  5.  Motor Vehicle Personal Injury
☐  6.  Other Personal Injury *(Please specify):* _____
☐  7.  Products Liability
☐  8.  Products Liability – Asbestos
☐  9.  All other Diversity Cases
        *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Ari R. Karpf___, counsel of record *or* pro se plaintiff, do hereby certify:

☒  Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐  Relief other than monetary damages is sought.

DATE: __6/26/2023__  _____  ___ARK2484 / 91538___
                     *Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JOHNSON-MARTIN, NYLA TEHRI

**(b)**  County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

AMAZON.COM SERVICES, LLC, ET AL.

County of Residence of First Listed Defendant    King
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | |
| ☐ 2 | U.S. Government Defendant | |
| X 3 | Federal Question | *(U.S. Government Not a Party)* |
| ☐ 4 | Diversity | *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | X 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| X 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); Title VII (42USC2000)

Brief description of cause:
Violations of the ADA, Title VII, PHRA and the PFPO.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   X Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                                          DOCKET NUMBER

DATE     6/26/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

| Print | Save As... | Reset |
|---|---|---|